**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| COURTLAND PERRY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR424-023 |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Courtland Perry pleaded guilty to one count of possession of an unregistered firearm.  *See* doc. 35 at 1 (Judgment).  He was sentenced to 120 months of incarceration and a three-year term of supervised release. *See id.* at 2-3.  He did not appeal.  *See generally* docket; *see also* doc. 40 at 2.  He now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Doc. 40.  The Court directed the Government to respond.  Doc. 43.  Perry filed a Motion to Supplement, doc. 44, which the Government did not oppose, *see generally* docket; *see also* S.D. Ga. LR Civ. 7.5.  The Government now moves for a fourteen-day extension of its deadline to respond to the original Petition.  Doc. 52.  Given the combination of the Motions, as explained in more detail below, the Court

will **GRANT** Perry's Motion, construed as a Motion to Amend, doc. 44,
require him to submit a single amended pleading, and afford the
Government time to respond to that pleading, once Perry files it.  Since
the Government will have no less than fourteen days from the date that
Perry files his Amended Petition, *see* Fed. R. Civ. P. 15(a)(3), its request
for a fourteen-day extension of the current deadline is **DISMISSED** as
moot.  Doc. 52.

Requests to amend[1] § 2255 motions are governed by the Federal
Rules of Civil Procedure.  *See* Rule 12, Rules Governing § 2255
Proceedings; *see also, e.g., Bellefleur v. United States*, 489 F. App'x 323,
324 (11th Cir. 2012).  Rule 15(a)(1) permits a party to amend his pleading
once, "as a matter of course," within twenty-one days after serving it.
Charitably construed, *cf.* doc. 46, Perry's Motion was filed during the
period when he could amend as a matter of course.  Even if Perry were

---

[1] The Federal Rules do not contemplate "supplementation" of pleadings.  However,
the substance of Perry's Motion shows that it is properly construed as a Motion to
Amend.  *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal
courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion
and recharacterize the motion in order to place it within a different legal category."
(quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)); *Rameses v. U.S. Dist.
Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro
se* litigant's motion to create a better correspondence between the substance of the
motion and its underlying legal basis.").

not entitled to amend as a matter of course, his request also appears appropriate under Rule 15(a)(2)'s "freely given" standard. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, his Motion is **GRANTED**. Doc. 44.

Although the Court permits Perry to amend his Petition, he may not do so piecemeal. An amended motion supersedes all prior pleadings. *See, e.g., Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014), *cert. denied sub nom. Calhoun v. Booker*, 574 U.S. 1161 (2015) ("An amended complaint supersedes an earlier complaint for all purposes[, and] . . . that rule applies in this [habeas] case as it does in civil cases generally."). Perry must, therefore, submit a **<u>single</u>** Amended § 2255 motion that includes all of his grounds for relief and factual allegations. *Cf.* Rule 2(c)(1)-(2), Rules Governing Section 2255 Proceedings. He is **DIRECTED** to submit his Amended § 2255 Motion by no later than August 24, 2026. The Clerk is **DIRECTED** to enclose a blank copy of Form AO 243 (Motion to Vacate / Set Aside Sentence (Motion Under 28 U.S.C. § 2255)) with the service copy of this Order for Perry's convenience. Perry is advised that failure to timely submit his Amended

3

Motion may result in dismissal for failure to comply with the Court's Order or failure to prosecute. *See, e.g.,* Fed. R. Civ. P. 41(b).

Since Perry will have an opportunity to file an Amended Motion, the Court will extend the Government's deadline to respond to any amendment he files. *See, e.g.,* Rule 4(b), Rules Governing Section 2255 Proceedings ("If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time . . . ."). The Government is, therefore, **DIRECTED** to respond to any Amended Motion Perry submits in compliance with this Order by no later than September 25, 2026. Rules 4(b), 5(a)-(b), Rules Governing Section 2255 Proceedings. This Court's Local Rules provide a fourteen-day period for Perry to file a reply to the Government's response. *See* S.D. Ga. L. Civ. R. 7.6. To avoid any confusion, however, Movant is specifically **DIRECTED** to file his reply to the Government's answer, motion, or other response no later than fourteen days after the Government files its response. *Cf.* Rule 5(d), Rules Governing Section 2255 Proceedings. Since the deadline for the Government's response

exceeds the fourteen-day extension it has requested, that request is

**DISMISED** as moot.  Doc. 52.

SO ORDERED, this 4th day of August, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5